UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATRICK MORIN and JOSEPH OLIVIERI as
Trustees of the EMPIRE STATE
CARPENTERS WELFARE, PENSION,
VACATION, ANNUITY, SCHOLARSHIP,
APPRENTICE-TRAINING,
LABOR-MANAGEMENT COOPERATION,
and CHARITABLE TRUST FUNDS,

                          Plaintiffs,

                        - against -

SPECTRUM CONTRACTING GROUP, INC.,

                          Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 08-3567 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiffs, the trustees of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation, and Charitable Trust Funds ("Plaintiffs" or "the Funds"), bring this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, against Defendant Spectrum Contracting Group, Inc. ("Defendant" or "Spectrum") to collect unpaid fringe benefit contributions to the Funds. Plaintiffs also seek interest, liquidated damages, and attorneys' fees pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). Plaintiffs have moved for summary judgment and Judge Feuerstein has referred this matter to me for a Report and Recommendation.

**I.     BACKGROUND**[1]

Defendant Spectrum is a New York corporation engaged in the business of general construction contracting. (Def.'s Mem. of Law in Opp'n to Pls.' Mot. For Summ. J. (DE 41) at 2) On June 3, 2003, Defendant entered into a Collective Bargaining Agreement (the "CBA") with the Empire State Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners. (Pls.' Mem. of Law in Support of Pls.' Mot. for Summ. J. (DE 36), Exhibit A) Under the terms of the CBA, Defendant was required to make specific contributions to the Funds for each hour worked by employees who performed work covered by the CBA within the geographical jurisdiction of the CBA. The CBA states that "Each Employer shall pay as specified in this Agreement, a certain sum of money for each hour or part of an hour worked by each carpenter, for work done in this area, except that time worked in excess of regular working hours." DE 36, Ex. A, Article VII. Article I of the CBA states that it applies only to work performed within Suffolk County and Nassau County "except that part south of the Southern State Parkway and west of Seaford Creek." DE 36, Ex. A.

In 2007, the Funds' auditor at the time, Novak Francella LLC ("Novak"), conducted an audit of Spectrum's payroll records and determined that Spectrum owed the Funds more than $1.7 million in unpaid contributions for the time period running from January 1, 2003 through December 31, 2005. DE 36, Ex. A. After this litigation was commenced, Spectrum produced additional records to the Plaintiffs. The Funds' current auditor, Marshall & Moss LLC ("Marshall"), reviewed the prior Novak audit as well as the additional records provided by

---

[1]     The facts contained here are taken from the parties' Local Rule 56.1 Statements where those facts are not otherwise disputed.

Spectrum. Marshall prepared a revised audit which adjusted the amount Spectrum owed in unpaid benefits to the Funds for the time period from January 1, 2003 through December 31, 2005 to $468,879.23. *Id.* Plaintiffs have moved for summary judgment seeking this revised audit amount, plus interest, liquidated damages, and attorneys' fees.

Defendant does not dispute the validity of the CBA or its obligation to make the required contributions thereunder. DE 41 at 14. However, Defendant asserts that summary judgment is inappropriate because the amount actually owed to the Funds is a disputed issue of fact. Specifically, Defendant alleges that the audit amount is overstated because in determining the number of hours worked, the auditor incorrectly included: (i) work performed outside the geographic jurisdiction covered by the CBA; (ii) work performed that was not of the type covered by the CBA; and (iii) work performed outside of the time period covered by the CBA.[2] *Id.*

## II.  DISCUSSION

### A.  Standard of Review

In reviewing a motion for summary judgment, the Court is guided by the tenets of Rule 56(c) which provide as follows:

> . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

---

[2]  In their Reply Brief, Plaintiffs concede that Spectrum was only bound by the CBA from June 3, 2003 through April 30, 2005. Thus, subsequent to a decision on this Summary Judgment motion, Plaintiffs state that they will modify the amount sought to comply with this time frame. DE 42 at 2.

Fed. R. Civ. P. 56 (c); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006); *Gray v. Lutheran Social Services of Metropolitan New York, Inc.*, No. 04-cv-2843, 2006 WL 1982859, at * 3 (E.D.N.Y. July 13, 2006). The moving party bears the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In addition, to determine whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising from that evidence in the light most favorable to the non-moving party. *Id*. at 157; *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997); *Brown v. Parkchester South Condominiums, Inc.*, No. 00-cv-7235, 2006 WL 851789, at *5 (S.D.N.Y. Mar. 31, 2006).

"Once the movant presents appropriate support demonstrating that there is no genuine issue of material fact, the burden shifts to the nonmoving party to present similar support setting forth specific facts about which a genuine issue remains." *Demolition Workers Union v. Mackroyce Contracting Corp.*, No. 97 Civ. 4094, 2000 WL 297244, at *2 (S.D.N.Y. March 22, 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Fischl*, 128 F.3d at 56 (citing *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997)). On the other hand, Rule 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to material fact and that the movant is entitled judgment as a matter of law." *Fed. R. Civ. P. 56(e)(2)*. An issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Trustees of the Local 807 Labor-Management Heath & Pension Funds v. River Trucking &*

*Rigging, Inc.*, No, CV-03-3659, 2005 WL 2290579, at *1 (E.D.N.Y. September 20, 2005) (internal citation omitted).

B.  **Burden of Proof**

Both parties argue that this Court should apply a burden-shifting analysis, which shifts the burden of proof to the employer when the employer challenges the results of a payroll audit prepared on behalf of an ERISA fund. *See* DE 36 at 5-6, DE 41 at 16-17. The parties rely on a line of cases which have held that "a fund's or trustee's production of evidence raising genuine questions concerning an employer's failure to maintain adequate records shifts to the employer the burden of coming forward with evidence either of the precise number of hours worked or to negate the reasonableness of the inferences to be drawn from the plaintiff fund's evidence." *Grabois v. Action Acoustics, Inc.*, No. 94 Civ. 7386, 1995 WL 662127, at *2 (S.D.N.Y. Nov. 9, 1995). The Second Circuit has not adopted this analysis, but has cited it favorably. *Mastrandrea v. Nassau Land Improvement Co.,* 182 F.3d 900 (2d Cir. 1999) ("Although this court has cited [the burden shifting analysis] with approval. . . this court has never had occasion to adopt [it]"). Furthermore, Courts within the Second Circuit have regularly applied this burden-shifting analysis at the trial stage. *See, e.g., Grabois*, 1995 WL 662127, at *2-3; *Local 282 Welfare Trust Fund v. A. Morrison Trucking, Inc.,* No. 92-CV-2076, 1993 WL 120081, at *1-2 (E.D.N.Y. March 30, 1993).

However, the majority of district courts within the Second Circuit have rejected this burden-shifting analysis at the summary judgment stage, instead finding that "inquiries into the reasonableness of the Funds' audit or the adequacy of defendants' employee records are properly left for trial." *Mingoia v. Santa Fe Drywall Corp.*, No. 04 Civ. 1712, 2005 WL 1384013, at *6

(S.D.N.Y. June 9, 2005) (internal quotations omitted); *see also Del Turco v. Speedwell Design*, 623 F. Supp. 2d 319, 347 (E.D.N.Y. 2009) ("while lower courts have applied the burden shifting analysis at trial, they have declined to do so at the summary judgment stage"); *Trustees of the Local 807 Labor-Management Health & Pension Funds*, No. CV-03-3659, 2005 WL 2290579, at *5 (E.D.N.Y. Sept. 20, 2005); *Bourgal v. Robco Contracting Enterprises, Ltd.*, 969 F. Supp. 854, 865 (E.D.N.Y. 1997); *New York District Counsel of Carpenters Pension Fund v. KW Construction, Inc.*, No. 07-Civ-8008, 2010 WL 3958799, at *5 (S.D.N.Y. Sept. 8, 2010). Instead, "the proper question in deciding the Fund's motion for summary judgment is whether defendant has submitted evidence that raises a factual dispute as to the amount of damages owing the Fund." *Mingoia*, 2005 WL 1384013, at *6. Accordingly, this Court finds that the burden-shifting analysis is not appropriate at the summary judgment stage, and will not apply it at this time.[3]

### C. Damages Amount

The only question remaining before this Court is whether Plaintiffs have met their burden of showing that there is no genuine issue of material fact regarding the amount of damages owed to the Funds. Having reviewed the submissions of the parties as well as the applicable case law, this Court finds that Plaintiffs have not met their burden. Therefore, I respectfully recommend to Judge Feuerstein that Plaintiffs' summary judgment motion be DENIED.

It is not disputed that Defendants owe contributions to the Funds only for hours worked by individuals who were covered by the CBA and who performed work within the jurisdictional

---

[3] Because I decline to utilize the burden-shifting analysis at this stage of the litigation, there is no necessity at this juncture to determine whether Defendant maintained adequate records for purposes of determining the contribution amounts required by the CBA.

boundaries of the CBA. The CBA states that "Each Employer shall pay as specified in this Agreement, a certain sum of money for each hour or part of an hour worked by each carpenter. . ." DE 36, Exhibit A, Article VII. Tasks which must be performed by "Carpenters" are set out in detail in Articles XVII and XX of the CBA. The unambiguous language of the agreement makes it clear that the CBA is applicable only to jobs done in parts of Suffolk County and Nassau County. *See* DE 36, Exhibit A, Article I.

Plaintiffs do not offer any evidence that in preparing the audit, the auditors considered only hours worked by carpenters within the geographical boundaries of the CBA. Instead, Plaintiffs rely on the burden-shifting analysis discussed above to argue that they "are entitled to rely on the audit report unless Defendant can prove that it is incorrect." *See* DE 35 at 6. However, because the burden shifting analysis is not being applied here, Plaintiffs must first make a *prima facie* showing that they are entitled to judgment in the amount stated in the audit in order to prevail on their summary judgment motion. *See Rexnord Holdings Inc. V. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994) ("Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment.").

In support of its damages calculation, Plaintiff submits both the Novak audit and the Marshall audit. DE 36, Exhibit B. While the Novak audit is prefaced by a two page statement discussing its methodology and the documents on which it was based, the Marshall audit, despite being the audit upon which Plaintiffs base their damages claim, contains no such supporting information. The affidavit of Plaintiffs' auditor, Alan Rossi (the "Rossi Affidavit"), authenticates the Marshall audit and states that it was prepared after reviewing the Novak audit as well as

7

"additional records and information provided by Spectrum." *Id.* However, there is no indication anywhere in Plaintiffs' submitted evidence of precisely what kinds of records were reviewed in preparing the audit or what methodology was employed. Furthermore, there is no evidence submitted, other than the audit calculations themselves, showing that the audit calculations included only hours worked by individuals covered by the CBA or at locations that were covered by the CBA.

In its opposition to Plaintiffs' summary judgment motion, Defendants submit the declaration of Spectrum's President and sole shareholder, Naim Zeenni (DE 39). Mr. Zeenni contends that the Marshall audit was calculated incorrectly because it included hours worked by – and payments made to – employees who did not perform carpentry work covered by the CBA. *See* DE 41 at 4-12. Mr. Zeenni names over twenty individuals whom he alleges never performed the carpentry tasks describe in Articles XVIII and XX of the CBA. DE 39 ¶¶ 9-59. Instead, according to Mr. Zeenni, these individuals performed work such as project management, masonry, ironwork, glasswork, cleaning services, legal services, and other non-carpentry tasks. *Id.* Mr. Zeenni also states that some of the disbursements included in the audit as worker pay were actually payments made to suppliers and creditors. *Id.* Mr. Zeenni also avers that at least three employees whose hours were included in the audit did not perform any work within the geographic boundaries of the CBA. DE 39 ¶¶ 19, 21, 22.

Viewing the evidence in the light most favorable to the Defendant, I find that the parties have not submitted sufficient information to enable the Court to determine whether the audit was prepared in compliance with the CBA. Defendant raises disputed issues of material fact as to whether the auditors based their calculations, in part, on hours expended on labor other than

"carpentry," or labor occurring outside the geographical boundaries of the CBA. As a result, there is a genuine issue of material fact as to the amount of contributions owed to the Funds. *See Del Turco v. Speedwell Design,* 623 F. Supp. 2d 319, 347 (E.D.N.Y. 2009) (denying summary judgment on amount of damages owed to fringe benefit funds by employer where "the audit does not establish undisputed facts as to the contributions owed to the Funds...[and] evidence presented by the defendants raises disputes of material fact as to the auditors' calculations of the amount of covered work performed in the geographical area.")*; Demolition Workers Union v. Mackroyce Contracting Corp.*, No. 97 Civ. 4094, 2000 WL 297244, at *8 (S.D.N.Y. 2000) (denying summary judgment on amount of damages owed to fringe benefit funds by employer where "further inquiry into the propriety of the auditors' calculations and the adequacy of [defendant's] employee records is needed.").

### III. **CONCLUSION**

For the reasons discussed above, I respectfully recommend to Judge Feuerstein that Plaintiffs' motion for summary judgment be DENIED.


Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed.R.Civ.P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Sandra J. Feuerstein, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will

result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), cert. denied, 522 U.S. 883, 118 S.Ct. 211, 139 L.Ed.2d 147 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir.1996).

**SO ORDERED.**

Dated: Central Islip, New York
      January 13, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge