UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK MORIN and JOSEPH OLIVIERI, as
Trustees of the Empire State Carpenters Welfare,
Pension, Vacation, Annuity, Scholarship,
Apprentice-Training, Labor-Management
Cooperation and Charitable Trust Funds,

                Plaintiffs,

                                                ORDER
      -against-                              08-cv-3567(SJF)(AKT)

SPECTRUM CONTRACTING GROUP, INC.,

                Defendant.
----------------------------------------------------------------X
FEUERSTEIN, J.

On September 2, 2008, plaintiffs Patrick Morin and Joseph Olivieri ("plaintiffs"), as trustees of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds ("the Funds"), commenced this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, against defendant Spectrum Contracting Group, Inc. ("defendant") seeking to collect unpaid fringe benefit contributions to the Funds, interest, liquidated damages and attorneys' fees. By electronic order entered August 2, 2010, plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure was referred to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation in accordance with 28 U.S.C. § 636(b). By Report and Recommendation dated January 13, 2011 ("the Report"), Magistrate Judge Tomlinson recommended, *inter alia*, that plaintiffs' motion be denied. No objections have been filed to the Report. For the reasons stated

herein, the Report of Magistrate Judge Tomlinson is accepted in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

No party has filed any objections to Magistrate Judge Tomlinson's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Tomlinson's Report as an Order of the Court. For the reasons set forth therein,

plaintiffs' motion for summary judgment is denied.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 28, 2011
　　　　Central Islip, New York